PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ALICE HOLT, | ) | CASE NO.   1:08CV954 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | MAGISTRATE JUDGE |
| v. | ) | BENITA Y. PEARSON |
|  | ) |  |
| MICHAEL J. ASTRUE, | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

## Introduction

Plaintiff Alice Holt sought judicial review of the Social Security Administration's final decision denying her applications for  Supplemental Security Income and Disability Insurance Benefits (collectively "benefits").  The parties have consented to the jurisdiction of the undersigned Magistrate Judge.  Having reviewed the pending briefs, administrative record and applicable law, the undersigned affirms the decision denying benefits.

## I.  Overview

Holt is a fifty year-old female with a high school education and work experience as a homemaker and office and residential cleaner.  On June 19, 2003, Holt sustained a work-related injury that resulted in chronic back pain due to degenerative disc disease of the lumbosacral spine and sprain and strain.  In place of surgery, Holt's medical care providers recommended conservative treatment including medication, physical therapy, and pain management which Holt

(1:08CV954)

reports that she undertook without success.  All but one of the medical care providers who

examined Holt released her to perform light to modified-duty work.[1]  An Administrative Law

Judge ("ALJ") ultimately found Holt to be not disabled and capable of performing sedentary

work.

## II.  Procedural History

Holt filed applications for Supplemental Security Income ("SSI") and Disability

Insurance Benefits ("DIB") on April 21, 2004, alleging a disability onset date of June 19, 2003.

The Social Security Administration denied Holt's request for benefits on September 1, 2004, and

again upon reconsideration on March 18, 2005.  Holt requested a hearing before an

Administrative Law Judge ("ALJ") and appeared with counsel on February 13, 2007.  A

vocational expert, Ted Macy, testified at the hearing.  On February 23, 2007, the ALJ issued an

opinion denying Holt's claims.  Holt timely appealed by submitting a Request for Review of

Hearing Decision to the Appeals Council and presented that entity with additional evidence.  On

February 13, 2008, the Appeals Council denied review of Holt's case, making the ALJ's decision

the final decision of the Agency.

Holt seeks a reversal of the decision denying her benefits or, in the alternative, a remand

pursuant to sentence six of 42 U.S.C. § 405(g) for the consideration of new evidence.[2]  Holt

---

[1]  The certified physician's assistant who found Holt totally disabled is not an acceptable
medical source within the meaning of the regulations.  *See* 20 C.F.R. § 404.1513(a).  *See also*
note 4, *infra*.

[2]  Holt did not specify the exact type of remand she seeks.  A sentence six remand leaves
the ALJ's decision intact yet allows the ALJ to modify or affirm her findings of fact or decision
or both, after considering new and material evidence.  The Court presumes that Holt seeks a

(1:08CV954)

timely filed a complaint with this Court alleging that the ALJ made several findings that are not

supported by substantial evidence or were not properly articulated to constitute adequate reasons

for the findings.  Holt specifically raises the following two issues:

> 1. Whether substantial evidence supports the ALJ's analysis of plaintiff's complaints of pain.

> 2. Whether remand is appropriate for the evaluation of new and material evidence.

*See* ECF No. 11 at 1.

### III.  Law and Analysis

Judicial review of the ALJ's decision denying disability benefits is limited to determining

whether there is substantial evidence to support the denial decision and whether the ALJ properly

applied relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681

(6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is

"more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health &*

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The ALJ's decision must be affirmed if it is

supported by substantial evidence, even though the court might have decided the case differently.

*See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  Furthermore, judicial

review of the ALJ's decision must be based on the record as a whole.  *Heston v. Comm'r of Soc.*

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  The district court may look into any evidence in the

record, regardless of whether it has been cited by the ALJ.  *Mullen v. Bowen*, 800 F.2d 535, 545

---

sentence six remand rather than a remand pursuant to sentence four which does not allow for the
consideration of new evidence.

(1:08CV954)

(6th Cir. 1986).

It is not the function of a reviewing court to determine the credibility of the claimant. *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987).  Credibility determinations regarding a claimant's subjective complaints rest with the ALJ.  *See Hopkins v. Comm'r of Soc. Sec.*, 96 Fed.Appx. 393, 395 (6th Cir. 2004) (*citing Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th 1987)).  The ALJ's findings as to credibility are entitled to deference because she has the opportunity to observe the claimant and assess his subjective complaints.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  A court may not disturb the ALJ's credibility determination absent compelling reason.  *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

The Court reviews the findings of the ALJ consistent with the above deferential standards.

**A.  The ALJ Properly Evaluated the Intensity and Persistence of Holt's Pain**

There is no dispute that Holt has a severe impairment evidenced by chronic back pain due to degenerative disc disease of the lumbosacral spine and sprain and strain.  The dispute centers on whether the resultant pain Holt experiences is disabling.  The ALJ found that, although Holt's impairment could reasonably be expected to cause pain, the record does not support Holt's allegations of disabling symptoms and limitations due to pain.  (Tr. 20.)  In sum, the ALJ did not find Holt's complaints of pain to be credible.

Holt argues that substantial evidence does not support the ALJ's analysis of her complaints of pain.  ECF No. 11 at 6.  The Commissioner counters that the ALJ properly

(1:08CV954)

considered the required factors for assessing the credibility of Holt's pain complaints and

reasonably concluded that her complaints of disabling pain were not fully credible.  ECF No. 12

at 10.

      Given the discrepancy between Holt's subjective complaints and the objective medical

and other evidence in the record, the Court finds that the ALJ did not err in finding that Holt's

subjective complaints regarding the intensity, persistence and physical limitations of her pain

were not credible.

      The Sixth Circuit has relied upon a two-part test to evaluate a claimant's subjective

complaints of pain.  *See Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 853 (6th

Cir.1986).[3]  According to *Duncan*, the ALJ should first determine "whether there is objective

medical evidence of an underlying medical condition."  *Id.*  If so, the ALJ next determines

"whether objective medical evidence confirms the severity of the alleged pain arising from the

condition; or [ ] whether the objectively established medical condition is of such a severity that it

can reasonably be expected to produce the alleged disabling pain."  *Id.*  The ALJ employed this

test and correctly expanded it (beyond *Duncan*, a DIB case) to permit her analysis to address

Holt's applications for both DIB and SSI benefits.

---

    [3]  The test espoused in *Duncan* is modeled after the regulation found at 20 C.F.R. §
404.1529 which governs the evaluation of symptoms, including pain, for claimants seeking
disability insurance benefits (DIB).   The test is summarized in SSR 96-7p, the ruling policy
interpretation governing the evaluation of symptoms in disability claims which are reliant on the
credibility of the claimant's statements in Title II and XVI cases, and repeated in regulation 20
C.F.R. § 416.929 which governs the evaluation of symptoms, including pain for claimants
seeking Supplemental Security Income (SSI) benefits.  As stated above, Holt applied for and was
denied both DIB and SSI.

(1:08CV954)

Title 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) provide: If the medical signs or laboratory findings show that a claimant has a "medically determinable impairment that could reasonably be expected to produce" his or her symptoms, such as pain, then the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine how the symptoms limit the claimant's capacity for work. In conducting such an evaluation, the ALJ considers objective medical evidence and other evidence. In particular, the ALJ may consider the claimant's history, the signs and laboratory findings, statements from the claimant, his or her treating or non-treating sources, or other persons, and medical opinions. Specifically, the relevant regulations direct the ALJ to consider the following seven factors:

1. Daily activities;
2. Location, duration, frequency, and intensity of pain or other symptoms;
3. Precipitating and aggravating factors;
4. Type, dosage, effectiveness, and side effects of medication;
5. Treatment, other than medication;
6. Other measures used to relieve pain, other than treatment; and
7. Other factors relating to function limitations and restrictions, due to pain or other symptoms.

The ALJ need not analyze all seven factors, but should make clear that she considered the relevant evidence. *See Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

The ALJ's credibility determination must contain specific reasons for the finding, "supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for the weight." SSR 96-7p; *see also* Cross, 373 F. Supp. 2d at 733. Additionally, SSR 96-7p instructs, "[t]he finding on credibility of an individual's statements

-6-

(1:08CV954)

cannot be based on an intangible or intuitive notion about an individual's credibility.  The

reasons for the credibility finding must be grounded in evidence and articulated in the

determination or decision."  A claimant's subjective complaints and objective medical reports are

central to this evaluation.

The ALJ found that Holt's "medically determinable impairments could reasonably be

expected to produce the alleged symptoms, but that the claimant's [Holt's] statements concerning

the intensity, persistence and limiting effects of these symptoms are not entirely credible."  (Tr.

20.  In reaching her conclusion, the ALJ evaluated the factors listed in 20 C.F.R. §§ 404.1529

and 416.929(c)(3) and noticed the following.

First, the ALJ reviewed Holt's daily activities and relied upon Holt's testimony to

establish that Holt is unable to sit, stand, or walk for more than 15 minutes; must rest for two to

three hours per day; does not get a good night's rest, and requires assistance with chores.  (Tr.

20.)

Second, the ALJ evaluated the location, duration, frequency, and intensity of Holt's pain

or other symptoms and found that Holt alleges constant back pain since June 9, 2003 with a level

ranging from 7/10 to 9/10.  (Tr. 20.)

Third, the ALJ considered precipitating and aggravating factors such as those reported by

Dr. Eshelman, Holt's treating physician, whose opinion the ALJ afforded "greater weight." (TR.

23.)  Dr. Eshelman reported that Holt suffers pain associated with prolonged sitting, standing or

bending.  (Tr. 20.)

(1:08CV954)

Fourth, the ALJ reviewed the type, dosage, effectiveness, and side effects of Holt's medication.  Dr. Eshelman reported that Holt could adequately control her pain with medications. (Tr. 20.)  The ALJ noted that Holt took Ibuprofen and Flexeril.  Holt alleged, however, that both medications induced drowsiness.  (Tr. 20 & 23.)

Fifth, the ALJ considered treatment, other than medication.  Dr. Stearns, a consultative orthopedic physician, recommended physical therapy and chiropractic manipulation.  (Tr. 21.) Dr. Eshelman noted that although Holt attended physical therapy sessions, she had been "unmotivated and somewhat reluctant to participate during the evaluation."  (Tr. 20.)  The ALJ also found that Holt had not been "totally compliant with prescribed treatment."  (Tr. 22.)

Sixth, regarding measures, other than treatment, used to relieve pain,  the ALJ noted that Holt exercised 15 minutes per day and used hot packs.  (Tr. 23.)

Regarding the seventh and final factor, functional limitations due to pain, the ALJ thoroughly reviewed and, in large part recited the conclusions and the objective medical evidence on which several medical sources, including Holt's treating physician (Dr. Eshelman), relied to determine that Holt could work with restrictions, despite her complaints of pain.  Dr. Eshelman released Holt to perform work with restrictions within four months of her alleged disability onset date.  (Tr. 23.)  In September 2003, Dr. Bray opined that Holt should be able to perform "some form of modified work duty from September to October" (with the exception of September 18, 2003-October 8, 2003).  (Tr. 21.)  The following month, Dr. Van Oosten, a doctor of

(1:08CV954)

chiropractics, also concluded that Holt would be capable of performing modified or light duty.[4]

(Tr. 22.)  One year after the alleged onset date, the State Agency medical consultant, Dr. Naomi

Waldbaum, evaluated Holt and found that Holt was capable of performing many different types

of work-related activity.  (Tr. 22.)  Dr. Waldbaum reported that the "claimant was not noted to be

in pain."  (Tr. 22.)  Dr. Waldbaum also noted that part of the examination was unreliable due to

Holt's pain behaviors.  (Tr. 22.)[5][6]

In addition to the factors detailed above, the ALJ also considered Holt's progress in 2005.

In July 2005, Holt "complained of only being able to sit, stand, and walk 10-15 minutes" and of

"radiating symptoms and tingling in her legs."  (Tr. 22.)  Despite these complaints, she was

diagnosed with a normal gait, lower extremity strength of 5/5, and a decreased range of motion in

forward and sideways bending.  (Tr. 22.)  An October 2005 MRI did not support the severity of

Holt's complaints given that it "revealed only mild disc bulges at all levels and mild thecal sac

---

[4]  It is worth noting that although the ALJ indicated that a doctor of chiropractics, like Dr. Van Oosten, and a certified physician assistant, like Theresa Moltz (*infra*), are not "acceptable medical source[s]," the ALJ properly considered the opinions of both in an effort "to consider all relevant evidence and weigh the probative value of those opinions against the other relevant evidence in the record (SSR 06-3p)."  (Tr. 20, 21 (*citing* 20 C.F.R. § 404.1513(a).)

[5]  Additionally, in August 2003 (just a couple of months after Holt's alleged disability onset), Dr. Stearns, an examining orthopedist, reported that although Holt was overweight and had limited lumbar mobility, she had "no radiating symptoms, numbness, or tingling."  (Tr. 21.) Ultimately, Dr. Stearns recommended physical therapy to treat Holt's lumbar strain.  (Tr. 21.)

[6]  Only one medical source, certified physician assistant Theresa Moltz, found Holt to be "totally disabled."  *See* note 4, *supra*.  The ALJ did not find PAC Moltz's August 2003 opinion to be reliable given that Moltz's opinion was contradicted by the other medical sources and not supported by objective medical evidence.  (Tr. 20 - 21.)

(1:08CV954)

compression at L5-S1, with no significant neural foraminal narrowing."  (Tr. 22 (*citing* Tr. 185-86.))  Holt's continued complaints of pain resulted only in recommendations that she attend pain management and "back school."  (Tr. 22.)

The ALJ summarized her myriad of findings as follows:

> the claimant has not been totally compliant with prescribed treatment.  She only attended one water therapy session, albeit due to lack of transportation (Exhibit 6F/4).  She also has been reluctant to participate in treatment (Exhibit 1F/29).  Noncompliance was also suspected by physical therapist personnel (Exhibit 1F/22).  The claimant did not appear to follow through with back school and pain management (Exhibit 6F/5, 10-11).  In addition, the claimant acknowledged being able to perform some activity.  The claimant stated that she is able to do some activity everyday; she exercised for 15 minute.  The claimant's treatment regiment has been conservative, and she takes Ibuprofen and uses hot packs.  Surgery has not been recommended.  In addition, Dr. Waldbaum's consultative examination suggests that the claimant's assertions of symptoms severity may be exaggerated (Exhibit 4F).  Furthermore, even the claimant's treating physician Dr. Eshelman cleared the claimant to return to work only several months after her back injury (Exhibit 3F/1, 8).

(Tr. 22 - 23.)

Overall, the ALJ's opinion reflects an appropriate evaluation of the factors detailed in regulations 20 C.F.R. §§ 404.1529 and 416.929 in reaching her conclusion that Holt's statements regarding her pain and resultant functional limitations are not credible.  In addition to the factors detailed above, the ALJ weighed Holt's subjective complaints of pain against the aggregate of Holt's (1) limited prescribed treatment (*i.e.* medication and therapy instead of surgery), (2) failure to adhere to prescribed treatment,[7] (3) daily (albeit somewhat limited) activity, (4) objective medical evidence, and (5) medical opinions that Holt could perform work with

---

[7] *See* 20 C.F.R. § 416.930(b) (providing that failure to follow a prescribed course of treatment without a good reason is grounds for finding a claimant not disabled).

(1:08CV954)

restrictions.  Based on the foregoing, the Court finds that the ALJ's credibility findings were

reached in accordance with applicable law, supported by substantial evidence in the record, and

well articulated in her written decision.

### B.   A Remand for the Consideration of New Evidence is Not Justified

As an alternative to a reversal and award of benefits, Holt seeks a remand to permit the

ALJ to consider the following evidence that Holt first submitted to the Appeals Council after the

ALJ's decision had been rendered.  ECF No. 11 at 11.

1. Physical therapy medical records dated May 2006 (Tr. 235-38);
2. An ultrasound of the pelvis and bladders dated August 2006 (Tr. 241); and
3. Outpatient physical therapy records dated January and February 2007 (Tr. 222-34).[8]

ECF No. 12 at 13.

Justification for remand under the sixth sentence of 42 U.S.C. § 405(g), which is based

upon evidence not presented to the ALJ, burdens the plaintiff with establishing three

requirements.  The additional evidence must be "new" and  "material" and "good cause" must

exist for the failure to present the evidence to the ALJ.  *Foster v. Halter*, 279 F.3d 348, 357 (6th

Cir. 2001).  Evidence is *new* only if it was "not in existence *or* available to the claimant at the

time of the administrative proceeding."  *Id.* (*quoting Sullivan v. Finkelstein*, 496 U.S. 617, 626

(1990)) (emphasis added).  New evidence is *material* if  "[it] might have changed the outcome of

that proceeding."  *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).  Good cause exists when

---

[8]  This list is more expansive than that provided by Holt which states only "a report dated
May 2, 2006, documenting Plaintiff was examined by Raymond Liu, M.D. and physical therapist,
Rachael Karpinski (Tr. 235-238)" and "a report dated January 10, 2007, where Plaintiff had a
pain management consultation at Huron Hospital (Tr. 225)."  ECF No. 11 at 5.

(1:08CV954)

there is a "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (*citing Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (per curiam)).  If the claimant satisfies all three threshold requirements the Court may remand, without ruling on the merits, for consideration of evidence that is presented after the ALJ's decision.  42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

Holt's request for a remand for the consideration of new and material evidence fails to meet each of the minimal threshold requirements.

### 1.  New Evidence

The determination of the newness of evidence is not merely temporal; the availability of the evidence is of equal importance.  In this case, however, the information Holt submitted *after* the ALJ's decision had been issued appears to have been in existence prior to the issuance of that June 23, 2007 decision, yet Holt does not explain why these records were *unavailable* and not submitted earlier.  As importantly, the information is, at best, cumulative of the objective medical information that is already in the record.  The ALJ has already considered physical therapy records similar in type and relatively close in time to the evidence that Holt now seeks to admit. In particular, the ALJ's decision reflects the reports from physical therapy sessions prescribed for Holt.[9]  Neither the newly submitted physical therapy records nor the confirmation of Holt's

---

[9] These reports strongly indicate that Holt was noncompliant and, at times, absent.  In particular, the ALJ noted that Holt only attended one water therapy session and did not follow through with back school and pain management.  (Tr. 22.)

-12-

(1:08CV954)

October 2005 MRI present any new, additional objective findings or opinions regarding Holt's

disability status. Therefore, Holt's submissions do not qualify as "new" evidence.

### 2. Materiality

Evidence is "material" only if there is "a reasonable probability that the Secretary would

have reached a different disposition of the disability claim if presented with the new evidence."

*Foster*, 279 F.3d at 357 (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711

(6th Cir.1988)).

The Court's review of the newly submitted evidence has not persuaded the Court that the

evidence would have changed or positively influenced the ALJ's findings, given that it largely

duplicates that which the ALJ had already thoughtfully considered and rejected.

### 3. Good Cause

The final issue is whether Holt provided a valid reason, *i.e.*, "good cause," for failing to

provide the newly submitted evidence prior to ALJ's hearing. "A claimant shows 'good cause'

by demonstrating a reasonable justification for the failure to acquire and present the evidence for

inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (*citing Willis v. Sec'y of Health*

*& Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (per curiam)). Holt has not provided good

cause or *any* justification for her failure to timely produce that she would now like to be

considered on remand. For example, she has not informed the Court of when she initially

requested the *new* information or how long the reportee took to prepare and send the evidence.[10]

---

[10] In "close"cases, these kinds of detail may be helpful to the Court. In this case,
however, Holt has failed to establish each of the three elements making it less critical that she did
not provide good cause for not submitting earlier.

(1:08CV954)

Rather, she merely states that the information "was provided to Plaintiff's counsel on or around February 16, 2007" without even offering a reason for not producing it *then*, seven days before the ALJ issued her decision.  ECF No. 11 at 11.  In sum, Holt has not shown "good cause" for failing to present this evidence in a timely manner.

A petition for a sentence six remand fails if a claimant fails to meet even one of the three prerequisites.  Holt substantially misses the mark on each of them.  Accordingly, Holt's request for remand as an alternative to a reversal and award of benefits is denied.

### IV. Conclusion

The Court finds the ALJ's decision denying Alice M. Holt Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, is based upon properly applied legal standards and supported by substantial evidence in the record.  Accordingly, the Court affirms the Agency's final decision that Alice M. Holt is not disabled and, therefore, not entitled to benefits.

IT IS SO ORDERED.


  June 16, 2009                                                    *s/ Benita Y. Pearson*
Date                                                        United States Magistrate Judge